UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SARA MURRAY, | Case No. 3:23-cv-01899-AR |
| Plaintiff, | **ORDER TO AMEND** |
| v. | |
| KING COUNTY COURT, *et al.*, | |
| Defendants. | |

**ARMISTEAD, Magistrate Judge**

Plaintiff Sara Murray, representing herself, filed this lawsuit on December 15, 2023, against 33 named defendants, including her ex-husband Alexander Murray, employees of King County Court, and employees of the Washington State Department of Children, Youth, and Families. After reviewing her initial Complaint (ECF No. 2), this court concluded that it lacks personal jurisdiction over defendants and that venue is improper here. Accordingly, the court issued an Order to Amend requiring that Murray provide facts supporting personal jurisdiction and venue. (ECF No. 5.) Murray filed her Amended Complaint on January 2, 2024. (ECF No. 6.) Murray also has a pending application to proceed *in forma pauperis* (ECF No. 1) and a pending motion for appointment of counsel (ECF No. 4).

Although the Amended Complaint contains more detailed allegations regarding personal

Page 1 – ORDER TO AMEND

jurisdiction over defendants in Oregon, Murray's factual allegations remain insufficient to support this court's jurisdiction over her claims. Indeed, it appears that Murray wishes to contest the procedures and outcomes of child custody proceedings in Washington state court. As explained below, the proper way to do that is through a direct appeal to a higher state court. Murray must therefore file an amended complaint to proceed with this lawsuit.

## LEGAL STANDARD

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, Congress has directed that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by plaintiffs proceeding *in forma pauperis* raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners."). Courts also screen for personal jurisdiction and venue. *See, e.g.*, *Packwood v. County of Contra Costa*, Case No. 3:22-cv-0219-ART-CLB, 2023 WL 2349390, at *3 (D. Nev. Mar. 2, 2023) (citing with approval magistrate judge's recommendation, upon screening, that case be dismissed for lack of personal jurisdiction and improper venue).

The court construes the pleadings of self-represented plaintiffs liberally and gives the

plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam)).

## DISCUSSION

**A.     *Rooker-Feldman Doctrine***

Under what is known as the *Rooker–Feldman* doctrine, federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A federal lawsuit may be an improper appeal where the federal claims raised are intertwined with a state court judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he *Rooker-Feldman* doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (quotation marks omitted)).

Here, the court is precluded by the *Rooker-Feldman* doctrine from hearing the majority of Murray's claims, which seek to relitigate aspects of her child custody

proceedings. She alleges, for example, that the King County Court did not properly evaluate evidence, did not sufficiently accommodate her disability, and discriminated against her throughout those proceedings. She challenges the conduct of judges, her ex-husband, his lawyers, and state employees related to the investigation, management, and litigation of her case in family court. (Am. Compl. at 22-28.) If Murray wishes to contest the outcome of that case, however, the proper means to do so is through a direct appeal to a higher Washington state court. This court has no power to review a state court's decisions.

B.     *Domestic Relations Exception*

Further, under the domestic relations exception to diversity jurisdiction, federal courts do not have authority to issue or modify divorce, alimony, or child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Bailey v. MacFarland*, 5 F.4th 1092, 1097 (9th Cir. 2021). Accordingly, to the extent that Murray asks this court to alter the terms of the child custody decree currently in effect, this court is without power to grant her that relief.

C.     *Personal Jurisdiction*

To hear a case, a court must have personal jurisdiction over the parties. Without personal jurisdiction over defendants, a court lacks judicial authority over those defendants and cannot enter an enforceable judgment against them. *Burnham v. Superior Ct. of Cal., Cnty. of Marin,* 495 U.S. 604, 609 (1990). That is, personal jurisdiction is the court's power over the person or organization being sued in federal court.

Where, as here, no federal statute governs personal jurisdiction, a district court applies the law of the state in which it sits. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Oregon's long-arm statute, ORCP 4(L), authorizes personal jurisdiction over defendants to the full extent permitted by the United States Constitution. *Ranza v. Nike*, 793 F.3d 1059, 1068 (9th Cir. 2015).

To conclude that it has personal jurisdiction over the defendants named in a complaint, a court must determine that exercising power over defendants satisfies constitutional due process requirements. *Id.* Due process requires that defendants "have certain minimum contacts" with the forum state (here, Oregon) "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks and citation omitted); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

There are two types of personal jurisdiction that a court may exercise over a defendant: general jurisdiction and specific jurisdiction.[1] *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). General jurisdiction (or "all purpose" jurisdiction) does not depend on the specific controversy underlying the case. *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). An individual is typically only subject to general personal jurisdiction in the state where he is domiciled or "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Here, all defendants are citizens of

---

[1] The court's earlier Order to Amend mistakenly described the two types of personal jurisdiction as "general jurisdiction and personal jurisdiction." (Order to Amend at 5.) The court now clarifies that the two types of personal jurisdiction are general jurisdiction and *specific* jurisdiction.

Page 5 – ORDER TO AMEND

Washington, and no facts suggest that they are "at home" in Oregon. (Compl. at 3.) Murray has not alleged that this court has general jurisdiction over defendants.

Specific jurisdiction, in contrast, is unique to each case and "focuses on the relationship among the defendant, the forum, and the litigation." *Fiore*, 571 U.S. at 284. When a defendant's in-state activities give rise to the plaintiff's claims, specific personal jurisdiction is present. *Int'l Shoe*, 326 U.S. at 317. A defendant's relationship with the forum creates specific jurisdiction only when that relationship "arise[s] out of contacts that the defendant *himself* creates with the forum state," and not merely from the defendant's contacts with a person who resides in the forum. *Fiore*, 571 U.S. at 284. "When a plaintiff relies on specific jurisdiction, [she] must establish that jurisdiction is proper for 'each claim asserted against a defendant.'" *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004)).

In its earlier Order to Amend, the court explained that Murray's allegations did not support this court's exercise of personal jurisdiction over defendants. In her Amended Complaint, Murray provides jurisdictional allegations. However, Murray makes no allegations supporting personal jurisdiction over defendants Judge Whedbee, Officer Vernon, Kelsey Marsh, Amber Alexander, and Celestine Lanier-McClary. And as to defendants King County Court, Commissioner Martin, Commissioner Eagle, Commissioner Furman, Timothea Hanratty, Judge Holloway, Judge Sean O'Donnell, Ronda Bliey, Sound Family Law, Stacie Naczelnik, Bailey Walton, Seattle Police Department, Washington State Bar Association, Washington Department of Health, At Indaba, Liz Hoffman, and Lindsey Androsko, Murray's only jurisdictional allegations are that, while Murray was in Oregon, those individuals texted her, emailed her,

spoke with her on the phone, interacted with her through videoconference, or issued rulings that affected her. (Am. Compl. at 19-20.)

As previously explained, however, the court's personal jurisdiction analysis focuses on each "defendant's contacts with the forum *state*, not the defendant's contacts with a resident of the forum." *Picot*, 780 F.3d at 1214 (emphasis added). Neither defendants' actions in communicating with Murray nor Murray's resulting injuries are "tethered to [Oregon] in any meaningful way." *Fiore*, 571 U.S. at 277. That Murray relocated to Oregon, and that defendants then contacted her and continued with family court proceedings in Washington while she was here, does not establish that defendants directed their conduct at Oregon. Rather, any contact that those defendants had with Oregon was the result of Murray's choice to relocate; the same contacts and injury would have been present wherever she went. Murray's Amended Complaint does not support personal jurisdiction over the 22 above-named defendants in the District of Oregon.

**D.**     ***Business Claims, Social Violence, and Coercive Control***

Murray alleges that, while she was in Oregon, defendants Alexander Murray, David Starks, Kristin Mandrink, Anna Killien, Joan Murray, Rodrigo Lopes, Griffin Deebach, and the McKinley Irvin law firm engaged in a prolonged campaign of social violence and coercive control against her to deprive her of income from her company. (Am. Compl. at 21.) Murray further alleges that her ex-husband, together with Rodrigo Lopes and Griffin Deebach, conspired to deprive her of ownership of her company after she reported her ex-husband's domestic violence in the workplace. (*Id.* at 36.)

A "complaint must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (simplified). The factual allegations must "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Although Murray states that Alexander Murray spread rumors about her, and that Lopes and Deebach "erect[ed] communication barriers," she does not explain what rumors were spread or what communication barriers were erected. And she does not explain when or how those actions caused her to lose income and ownership of her company. As to other defendants, she does not explain what actions constituted social violence against her or how those actions deprived her of income from her business. Murray's Amended Complaint does not provide sufficient factual detail related to her claims for loss of business ownership and income to state a plausible claim for relief, or to allege personal jurisdiction over defendants as to those claims.

Further, it appears that Murray's business, social violence, and coercion claims relate to her family law case: she alleges that her loss of income was a result of the child custody proceedings. (*Id.* at 27.) As explained above, this court can only exercise jurisdiction over claims that do not challenge a state court judgment and that do not require this court to modify a divorce or child custody decree. In a second amended complaint, should Murray choose to still proceed in this court, she must provide sufficient facts that allow for this court's personal jurisdiction

over these defendants, avoid challenging a state court judgment, and plausibly suggest that Murray is entitled to relief on her claims related to her business.

E.	*IFP Petition and Motion for Appointment of Counsel*

The court defers ruling on Murray's IFP application and motion for appointment of counsel until a second amended complaint is filed.

## CONCLUSION

To avoid dismissal of her action, Murray must file a SECOND AMENDED COMPLAINT with sufficient factual allegations to support this court's jurisdiction over her claims within 30 days of the date of this ORDER. That is, Murray has until February 15, 2024, to file her SECOND AMENDED COMPLAINT. Her SECOND AMENDED COMPLAINT should demonstrate which, if any, of her claims are within this court's jurisdiction, in light of the court's above explanations that (1) federal district courts cannot review state court judgments; (2) federal courts cannot modify child custody decrees; and (3) this court cannot exercise personal jurisdiction over defendants whose only contacts with Oregon were to contact Murray about Washington child custody proceedings after she moved here. Further, Murray must provide sufficient factual detail to allow the court to reasonably infer that defendants are liable for the misconduct alleged. If Murray fails to do that, the court may dismiss this action. The court DEFERS ruling on Murray's application to proceed *in forma pauperis* (ECF No. 1) and motion for appointment of counsel (ECF No. 4).

DATED: January 16, 2024

_____
JEFF ARMISTEAD
United States Magistrate Judge