UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARA MURRAY,

               Plaintiff,

   v.

KING COUNTY COURT,

               Defendant.

Case No. C24-239-JNW

ORDER

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 22.) In the IFP application, Plaintiff stated that she has $6,750 in cash on hand and an additional $300 in her checking account. (*Id.* at 2.) She also stated that until recently, she was earning $34,750 by working 55 hours per week as an in-home caregiver (*Id.* at 5.) While Plaintiff identified some necessary monthly costs, including $1,800 for housing, $200 for transportation, and an unidentified amount for food, she also identified costs for litigation, "code school payment," and "supplies to make a documentary," all of which indicate Plaintiff has discretionary funds that could be applied to court fees. (*Id.* at 6.) Plaintiff also stated that her position as an in-home caregiver was terminated and that she would struggle to find suitable employment that would accommodate her disability. (*Id.* at 5.) But Plaintiff did not detail any

ORDER - 1

efforts to find employment, instead stating that she is currently "spending approximately 12 hours per day . . . on learning law." (*Id.* at 4.)

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's application declares cash on hand and recent income that is adequate to pay filing fees for the instance action. Under these circumstances, Plaintiff should not be authorized to proceed IFP.

Accordingly, Plaintiff is ORDERED to show cause by **April 8, 2024**, why the Court should not recommend her IFP application be denied. The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Jamal N. Whitehead.

Dated this 1st day of April, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2