|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| SARA MURRAY, | CASE NO. 24-cv-00239 |
|---|---|
| Plaintiff, | ORDER |
| v. |   |
| KING COUNTY COURT, et. al., |   |
| Defendants. |   |

This matter comes before the Court on the Notice of Attorney Withdrawal of Rebecca Cambreleng. Dkt. No. 20. On February 5, 2024, United States Magistrate Judge Jeff Armistead for the U.S. District Court for the District of Oregon granted Sara Murray's motion for appointment of counsel solely to advise Murray on jurisdictional issues. Dkt. No. 20-2 at 2-5. Cambreleng was appointed on February 7, 2024. Dkt. No. 20-2 at 2-6. On February 16, 2024, Judge Armistead granted Murray's motion to transfer her lawsuit to this district. *See* Dkt. Nos. 16.

Cambreleng included a letter requesting the termination of her appointment as pro bono counsel with her Notice. Dkt. No. 20-2 at 1. She requests withdrawal of representation because she has completed her limited representation of Murray and

ORDER - 1

explains she is not licensed in Washington and does not intend to continue representation of Murray. *Id.* at 6. Murray did not file a direct response to Cambreleng's Notice or letter, but she acknowledges in a separate filing that Cambreleng is "not representing or helping [her]" and "cannot." *See* Dkt. No. 25 at 12.

LCR 83.2(b)(1) states the circumstances and conditions for attorney withdrawal. It states that "[l]eave [to withdraw] shall be obtained by filing a motion . . . and proposed order for withdrawal," and "shall include a certification that the motion was served on the client and opposing counsel." LCR 83.2(b)(1). Finally, a "proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party," and "[i]f a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number." *Id.*

Here, Cambreleng's Notice and letter do not satisfy the procedural requirements of LCR 83.2(b) since her Notice and letter do not include Murray's address or evidence of her consent. *See Dkt.* No. 20-2. And Cambreleng's withdrawal will leave Murray unrepresented.

Despite these deficiencies, "[t]he trial court retains wide discretion in a civil case to grant or deny a motion to withdraw." *Putz v. Golden*, No. C10-0741JLR, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012) (citing *Le Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3rd Cir. 1986); *Bohnert v. Burke*, No. CV-08-2303-PHX-LOA, 2010 WL 5067695, at *1-*2 (D. Ariz. Dec. 7, 2010)). The consent of a client for an attorney to

ORDER - 2

withdraw is not dispositive, rather the district court may consider factors including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Putz v. Golden*, 2012 WL 13019202, at *3.

Considering these factors, the Court finds it reasonable to grant Cambreleng's request. First, Cambreleng wishes to withdraw because she has completed the limited purpose of her pro bono appointment—jurisdictional analysis—and this lawsuit has been transferred from Oregon to this District where Cambreleng is *not* authorized to practice law. Second, no defendants have appeared in this lawsuit to be prejudiced. *See* Dkt. Third, Murray has applied for and been granted in forma pauperis status to proceed pro se, so Cambreleng's withdrawal will not unreasonably hinder the administration of justice. Dkt. No. 26. And fourth, given the limited purpose of Cambreleng's pro bono representation, and the fact this lawsuit has recently been transferred to this District, Cambreleng's withdrawal will not delay resolution of this case.

Accordingly, Cambreleng's request to withdraw as counsel of record is GRANTED.

It is so ORDERED.

Dated this 30th day of April, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 3