UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARA MURRAY, Minors G.E.M. and C.M.M. | CASE NO. 2:24-cv-00239 |
| Plaintiffs, | ORDER |
| v. | |
| KING COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

## 1. INTRODUCTION

The Court raises this matter on its own accord. Plaintiff Sara Murray, proceeding pro se and in forma pauperis, sued roughly three dozen defendants, including her ex-husband, his girlfriend, the Federal Bureau of Investigation (FBI), the Washington State Bar Association (WSBA), the Washington Department of Children, Youth, and Families (DCYF), "King County Court," and a host of judicial officers, to name a few. Dkt. No. 27. She also asserts claims on behalf of her minor children, G.E.M. and C.M.M. Murray alleges violations of "broad constitutional

ORDER - 1

rights" and other violations by the defendants, but her claims generally stem from child custody proceedings in Washington state court.

Her latest complaint spans 276 pages, but despite its length, it lacks sufficient details from which to discern cognizable claims. As explained below, the Court ORDERS Murray to replead her claims to comply with Federal Rule of Civil Procedure 8. The Court also DENIES Murray's separately pending motion for the appointment of pro bono counsel. Dkt. No. 28.

## 2. BACKGROUND

Murray filed this case in the U.S. District Court of Oregon, where the court twice ordered her to amend her complaint to demonstrate proper jurisdiction and venue, Dkt. Nos. 5 and 7, and to "provide sufficient factual detail to allow the court to reasonably infer that defendants are liable for the misconduct alleged," Dkt. No. 7 at 9. The Oregon district court transferred Murray's case to this district, Dkt. No. 16, where she was granted in forma pauperis (IFP) status, Dkt. No. 26. In the order granting Murray leave to proceed IFP, the Honorable Michelle Peterson, U.S. Magistrate Judge, "recommend[ed] the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons." Dkt. No. 26 at 1.

On April 8, 2024, before the Court could conduct its Section 1915 review, Murray filed her third amended complaint—at 276 pages, it is sprawling in scope.[1] It is hard to make out the exact nature of the conflict through the many conclusory

---

[1] Murray's complaint appears incomplete, as its table of contents mentions sections that are found nowhere in the body of the complaint. *See* Dkt. No. 27 at 23. This conclusion is supported by the fact that the last page of the complaint ends mid-sentence. *Id.* at 276.

ORDER - 2

and confusing details stated, but the gist of the conflict remains the same as what she pled in her original complaint. United States Magistrate Judge Jeff Armistead of the District Court of Oregon, broke Murray's claims into five categories:

> *First*, she claims that state officials discriminated against her based on her disability and gender, failed to accommodate her disability, and denied her due process during child custody proceedings, in violation of the United States Constitution and the Americans with Disabilities Act. … *Second*, she alleges that state officials were negligent in their investigation of abuse allegations against her ex-husband. … *Third*, she alleges that her ex-husband coerced her into signing ownership of her company over to him and continues to unlawfully exercise control over her company. … *Fourth*, she alleges that her ex-husband and others told lies about her, which ruined her social reputation and led to her losing control of her business. … *Finally*, Murray alleges that her ex-husband, his girlfriend, and his mother, have caused her emotional distress by harassing her, stalking her, and mistreating her children.

Dkt. No. 5 at 1–2 (emphasis in original). She brings claims in her own name and on behalf of her minor children, G.E.M. and C.M.M., over whom she no longer has custody.

Murry asserts many causes of action in the latest version of her complaint, but it is hard to tell where one claim ends and the next begins. Roughly speaking, she brings claims under the Racketeer Influenced and Corrupt Organization Act (RICO); 42 U.S.C. § 1983 for conspiracy and "broad constitutional rights violations"; the Americans with Disabilities Act (ADA) and the Rehabilitation Act for disability discrimination and retaliation; the "Gender Equality federal law," the Violence Against Women Act (VAWA), and "Kayden's law." These claims appear deficient in many respects.

ORDER - 3

# 3.  DISCUSSION

**3.1  Legal standard.**

When a litigant proceeds IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)–(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal citation omitted) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez*, 203 F.3d at 1122).

Thus, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Pro se pleadings, such as the complaint here, are liberally construed when evaluating their sufficiency. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (While *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter

courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*.").

**3.2     As a non-lawyer, Murray cannot represent her children pro se.**

Murray tries to bring claims on behalf of her minor children, but as a non-attorney, she cannot represent other people—including her children. *Johns v. Ctny. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child" because "it is not in the interest of minors . . . that they be represented by non-attorneys" (cleaned up)). While there are rare exceptions to this rule, none apply here.

Murray does not claim to be an attorney and the Washington State Bar Association's online lawyer directory does not list her as a legal professional. Thus, the Court finds that G.E.M.'s and C.M.M.'s claims are not properly before the Court, as they have not appeared through an attorney. G.E.M.'s and C.M.M.'s claims, if any, are thus dismissed without prejudice. *Johns*, 114 F.3d at 877.

**3.3     Murray's complaint is deficient in many respects.**

First, Murray's claims against immune parties fail as a matter of law. "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts[.]" *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted). Indeed, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Murray alleges claims against several Washington state court judges and

ORDER - 5

commissioners, but she fails to plead sufficient plausibly alleging that they acted outside their official capacities and thus her claims against them are likely barred.

Second, Murray's Section 1983 claims against private persons are also flawed. To state a Section 1983 claim, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). As for the first element, a defendant acts under the color of state law when they "exercise[] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of the state.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law unless they conspire with state officials to deprive others of constitutional rights. *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."); *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003).

Murray repeatedly states that private actors like Alexander Murray, her ex-husband, and Anna Killien, his girlfriend, conspired against her, but she offers insufficient details to back up her claims. Conclusory allegations are not enough to state a claim of conspiracy. *Simmons*, 318 F.3d at 1161 (finding a plaintiff's "conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process . . . insufficient").

Third, Murray alleges wrongdoing by some defendants dating back to 2010. *See, e.g.*, Dkt. No. 27 at 54–59. Her claims that are premised on events this old are time-barred by the applicable three-year statute of limitations, including her causes of action for negligence (RCW 4.16.080(2); *see also Woods View II, LLC v. Kitsap Cnty.*, 352

ORDER - 6

P.3d 807, 816 (Wash. Ct. App. 2015)); outrage (*Cox v. Oasis Physical Therapy, PLLC*, 222 P.3d 119, 127 (Wash. Ct. App. 2009)); Section 1983 (*Dunn v. City of Seattle*, 420 F. Supp. 3d 1148, 1156 (W.D. Wash. 2019) ("Because 42 U.S.C. § 1983 does not contain a statute of limitations, the court applies Washington's statute of limitations for personal injury actions" to 1983 actions.) (citing RCW 4.16.080(2) (three-year statute of limitations for personal injury claims))).

Fourth, Murray's ADA and Rehabilitation Act claims appear deficient. Murray alleges that Defendants discriminated and retaliated against her because of her "Cluster B Personality Disorder." Title II of the ADA covers discrimination in public services. *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015) (citing Title II, 42 U.S.C. §§ 12131–12165). To state a claim of disability discrimination under Title II of the ADA, Murray must show that "(1) [s]he is a qualified individual with a disability; (2) [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of h[er] disability." *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737–38 (9th Cir. 2021). But Murray does not allege that she was excluded from a public entity's services, programs, or activities, or was otherwise discriminated against by a public entity.

Moreover, Claims under Title II of the ADA can be asserted only against individuals in their official capacity. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding plaintiff cannot sue state officials in their individual capacities

ORDER - 7

to vindicate rights created by the ADA). Thus, Murray cannot state a claim against persons in their individual capacities.

### 3.4 Murray's complaint violates Rule 8(a), so the Court orders her to replead her claims consistent with the Civil Rules.

The Court has identified some of the more obvious defects in Murray's complaint, but her failure to follow Rule 8 complicates the Court's Section 1915 review. Rather than straightforwardly stating her claims and allegations, as required by Rule 8, she saddles the Court and Defendants with a 276-page complaint that was likely meant to be even longer. A complaint so confusing that its "true substance, if any, is well disguised" may be dismissed sua sponte for failure to satisfy Rule 8. *Herns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1996)).

Instead of dismissal, however, the Court orders Murray to replead her claims. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964) ("[T]he district court was entirely justified in holding that the complaint did not comply with Rule 8(a), and in ordering [the plaintiff] to replead."); *see also Johnson Enter. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998) ("District courts have the inherent authority to demand repleader *sua sponte*.").

Any amended complaint must address—if possible—the deficiencies identified above and comply with Fed. R. Civ. P. 8 by providing a short plain statement of each claim. For example, statements identifying (1) the right violated, (2) the name of the defendant who violated that right, (3) the specific, wrongful acts of the defendant, (4) when the acts occurred, and (5) the resulting injuries would suffice. It may be necessary to repeat this process for each named defendant.

ORDER - 8

**3.5 Murray's motion for the appointment of counsel is denied without prejudice.**

Murray has requested pro bono counsel. No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff "may lose his physical liberty if he loses the litigation," which is not the case here. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Even so, the Court may appoint counsel for litigants who are proceeding in forma pauperis. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Section 1915(d) empowers the district court to appoint counsel in civil actions brought in forma pauperis. Appointment of counsel under this section is discretionary, not mandatory."). But the Court lacks authority to compel counsel to provide representation. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). The decision whether to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The factors must be viewed together before deciding on the appointment of counsel, but neither factor is dispositive. *Id*. Whether a pro se plaintiff would fare better with the assistance of counsel is not the test. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), on reh'g en banc, 154 F.3d 952 (9th Cir. 1998).

Murray—like *all* pro se litigants—will face challenges bringing her case alone, but her circumstances are not exceptional. Through her various filings she has shown a

ORDER - 9

basic grasp of court procedure and an ability to convey her thoughts in writing. But she has not shown a likelihood of success on the merits of her claims. This problem is owed to the material defects in her complaint that the Court has identified above, not to whether her claims have been artfully plead. Moreover, the Court has laid out the next step for Murray to follow, which involves repleading her claims in short and plain terms with a focus on the factual, not legal, basis for her causes of action. Thus, Murray's motion for appointment of counsel is denied without prejudice.

### 4. CONCLUSION

In sum, the Court orders as follows:

4.1  Murray must file an amended complaint within 30 days of this order that provides a short, plain, and concise statement of the factual basis for each of the claims as required by Fed. R. Civ. P. 8.

4.2  The amended complaint will operate as a complete substitute for Murray's third amended complaint. Thus, any amended complaint must not cross-reference her previous complaints, and must clearly identify the claims, the specific facts that support each claim, which allegations are relevant to which Defendants, when the alleged wrongdoing occurred, and the specific relief requested.

4.3  Failure to file a proper amended complaint within 30 days of this order will result in dismissal of this action without prejudice.

4.4  To the extent Murray attempts to bring claims on behalf of her children in contravention of *Johns*, those claims (i.e., G.E.M.'s and

C.M.M.'s claims) are dismissed without prejudice. *Johns*, 114 F.3d at 877.

4.5  The Court DENIES Murray's motion for the appointment of pro bono counsel. Dkt. No. 29.

Dated this 13th day of August, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 11