1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARA MURRAY, | CASE NO. 24-cv-00239 |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY COURT ET AL., | |
| Defendants. | |

The Court raises this matter on its own accord.

Plaintiff Sara Murray ("Murray") proceeds in forma pauperis (IFP). Dkt. No. 26. As such, Section 1915 requires the Court to dismiss Murray's action if the Court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

On August 13, 2024, the Court issued an Order (1) explaining why Murray's Third Amended Complaint was deficient under Section 1915, (2) directing her to file an amended complaint by September 12, 2024, and (3) denying her motion for appointment of pro bono counsel. Dkt. No. 34. On September 6, 2024, Murray

ORDER - 1

moved for reconsideration of the Court's denial of her request for pro bono counsel. Dkt. No. 35. On September 11, 2024, Murray filed her Fourth Amended Complaint. Dkt. No. 37. On the same day, the Court issued an Order granting Murray's motion for reconsideration, directing the District Coordinator of the Pro Bono Panel to try to locate counsel for Murray, and striking the September 12 filing deadline for Murray's amended complaint. Dkt. No. 38. In granting this relief, the Court expressly noted that "the Court cannot *guarantee* representation to Murray," "[t]he Court's power, on granting this motion to reconsider, is limited to making a request for representation via the pro bono panel," and "[a]ppointment will be contingent on the panel's capacity to locate counsel willing to voluntarily represent Murray pro bono." *Id.* at 7 (emphasis original).[1] On September 12, 2024, the Court issued a minute order stating that the Court would not review Murray's Fourth Amended Complaint while the referral to the Pro Bono Panel was pending. Dkt. No. 39.

In the intervening period, the District Coordinator of the Pro Bono Panel tried to secure counsel for Murray. The District Coordinator's search has been exceptionally time-intensive and extensive, contacting and vetting at least 10 potential attorneys.[2] Yet, the District Coordinator has been unable to locate pro bono counsel willing to take on this representation. In part, the difficulty stems

---

[1] *See U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (holding that Section 1915 permits a court to "request" counsel, not to compel representation).

[2] The Court can take judicial notice of these facts because "[i]t is well established that a court may take judicial notice of its own records." *United States v. Author Servs., Inc.*, 804 F.2d 1520 (9th Cir. 1986), *amended,* 811 F.2d 1264 (9th Cir. 1987), *and overruled on other grounds by* United States v. Jose, 131 F.3d 1325 (9th Cir. 1997) (citing *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969)).

ORDER - 2

from the unusually large number of defendants Murray has sued, including numerous government agencies, individual judges, and administrators. This broad pool of defendants raises many conflicts of interest throughout the community of lawyers and law firms to whom the Pro Bono Panel targets outreach, precluding representation. As a result, the Court's referral to the Pro Bono Panel has been unsuccessful and is no longer pending.

If Murray wishes to pursue this case, she must secure private counsel or else proceed pro se. Given the relative sophistication of Murray's filings to-date, Murray has shown an ability to articulate her claims pro se in a manner that facilitates effective adjudication. But as the Court previously noted, "the sprawling complexity and lack of factual clarity in [Murray's] pleadings to-date have hindered the Court's assessment of her claims." *See* Dkt. No. 38 at 6. This holds true for Murray's Fourth Amended Complaint, which is over 400-pages long. Dkt. No. 37. Her latest complaint fails to satisfy Rule 8 and is subject to dismissal on that basis alone. *Benshoof v. Fauci*, No. C22-1281-LK, 2022 WL 4465782, at *2 (W.D. Wash. Sept. 26, 2022).

As such, the Court renews its earlier instruction that "Murray must file an amended complaint within 30 days of this order that provides a *short, plain, and concise* statement of the factual basis for each of the claims as required by Fed. R. Civ. P. 8." *See* Dkt. No. 34 at 10 (emphasis added). To ensure a focused and concise effort, the Court instructs Murray that her Fifth Amended Complaint should be no longer than FIFTEEN (15) pages. This page limit should be sufficient for Murray to provide a short, plain statement of the basis of her claims. The Court takes to heart

ORDER - 3

its duty to construe her pleadings liberally when evaluating their sufficiency under Section 1915. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). If Murray fails to file a proper amended complaint as directed, the Court will construe Murray's Fourth Amended Complaint, Dkt. No. 37, as the operative complaint for purposes of determining the sufficiency of her pleadings under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915(e)(2)(B). The Court warns that this outcome would likely result in dismissal of Murray's action without prejudice.

In sum, the Court ORDERS as follows:

- Murray must file an amended complaint within 30 days of this Order that provides a short, plain, and concise statement of the factual basis for her claims.
- This complaint should be no longer than FIFTEEN (15) pages.
- If Murray does not comply with this Order, the Court will construe the Fourth Amended Complaint, Dkt. No. 37, as the operative complaint for purposes of determining the sufficiency of Murray's pleadings under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915(e)(2)(B).

It is so ORDERED.

Dated this 27th day of December, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 4