UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARA MURRAY,

                Plaintiff,

     v.

KING COUNTY COURT ET AL. ,

                Defendant.

CASE NO. 24-cv-00239

ORDER

This matter comes before the Court on Plaintiff Sara Murray's emergency motion for reconsideration. Dkt. No. 42. Murray seeks four forms of relief. First, she seeks recusal of this Court and reassignment of her case to a different judicial district. *Id.* at 2. Second, she seeks reconsideration of the Court's Order (at Dkt. No. 41) imposing a fifteen-page limit on her Fifth Amended Complaint. *Id.* Third, she seeks leave to file her "Fourth Amended Complaint" and a "Working Copy" of her "Fifth Amended Complaint" "to ensure preservation of all claims and factual allegations." *Id.* And fourth, she "requests that the Court refresh the request to the federal pro bono panel for appointment of counsel[.]" *Id.* at 3. The Court, being fully

ORDER - 1

1    informed, FINDS that Murray is entitled to none of the requested relief and

2    DENIES the motion.

3        The Court begins with Murray's recusal request. Murray previously moved

4    for this Court's recusal in September 2024, arguing, without citing any rulings, that

5    "Judge Whitehead's prior rulings appear to demonstrate… bias[.]" Dkt. No. 35 at 23.

6    The Court found Murray "cited no grounds on which to question the impartiality of

7    the Court" and denied her motion for recusal. Dkt. No. 38 at 9. On review, the Chief

8    Judge of this District affirmed the Court's decision, finding that Murray "fail[ed] to

9    identify any facts to support [her] contention" of bias. Dkt. No. 40 at 2.

10       Murray now seeks reconsideration of the Court's denial of her recusal

11   request. "Motions for reconsideration are disfavored." LCR 7(h)(1). To prevail on a

12   motion for reconsideration, a party must generally show (1) "manifest error in the

13   prior ruling," or (2) "a showing of new facts or legal authority which could not have

14   been brought to its attention earlier with reasonable diligence." *Id.* Murray cites a

15   litany of facts, allegations, and conclusory legal assertions pertaining to this Court's

16   adjudication of her case, none of which have any merit, and most of which she has

17   unsuccessfully raised before. The only new factual assertion that Murray offers is

18   that, in October 2024, she filed a judicial conduct complaint with the Ninth Circuit

19   about this Court's management of her claim. *See* Dkt. No. 42 at 16. The mere filing

20   of such a complaint does not reasonably call the impartiality of the Court into

21   question and is therefore not grounds for recusal. *See* Dkt. No. 38 at 8 (applying

22   Canon 3C(1) of the Code of Conduct for the United States Judges). The Court

23   DENIES reconsideration of its denial of Murray's recusal motion.

**ORDER** - 2

1    Second, Murray requests that the Court retract the 15-page limit for her

2    Fifth Amended Complaint. Murray asserts that "PTSD and cognitive impairments"

3    prevent her from complying with such a page limit and that "[t]his [page] restriction

4    disregards the complexity of [her] claims, which involve over 57 defendants, ongoing

5    RICO violations, and systemic gender and ADA discrimination spanning several

6    years." Dkt. No. 42 at 3-4. But Murray neglects the *reason* why the Court imposed

7    the page limit. As the Court has explained multiple times, the Court's aim is for

8    Murray to submit a "*short, plain, and concise* statement of the factual basis for each

9    of her claims as required by Fed. R. Civ. P. 8." *See* Dkt. No. 41 at 3 (citing Dkt. No. 3

10   at 10). Simply put, Murray's pleadings to date have been too long-winded and

11   confusing to allow effective judicial review under 28 U.S.C. § 1915(e)(2). Rather

12   than dismiss Murray's various complaints outright, the Court has offered her

13   repeated opportunities to rectify the lack of clarity in her pleadings. The Court will

14   not reconsider its chosen page limit, which was intended to ensure compliance with

15   Fed. R. Civ. P. 8. This request for reconsideration is DENIED.

16   Third, Murray seeks leave to file her "Fourth Amended Complaint" and a

17   "Working Copy" of her "Fifth Amended Complaint" "to ensure preservation of all

18   claims and factual allegations." Dkt. No. 42 at 2. Murray cites no authority for her

19   suggestion that the Court should consider a "working copy" of her future complaint

20   as an operative pleading. And more fundamentally, Murray seems to overlook the

21   Court's statement in its previous Order that "[i]f Murray fails to file a proper

22   amended complaint as directed, the Court will construe Murray's Fourth Amended

23   Complaint, Dkt. No. 37, as the operative complaint for purposes of determining the

**ORDER** - 3

sufficiency of her pleadings under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915(e)(2)(B)."
Dkt. No. 41 at 4. In other words, Murray has two options. She may file a Fifth
Amended Complaint that satisfies the fifteen-page limit. Or she may decline to do
so, in which case the Court will treat her Fourth Amended Complaint as the
operative pleading. In either case, the Court will look to the operative pleading for
its Section 1915 review. As such, there is no need for the Court to expressly grant
leave to file the Fourth Amended Complaint, which is already on the docket. And
the Court will not consider a "working draft." So this request is also DENIED.

Finally, Murray "requests that the Court refresh the request to the federal
pro bono panel for appointment of counsel, accompanied by an apology and
retraction of the defamatory statements made by Judge Whitehead regarding
Plaintiff's mental health." Dkt. No. 42 at 3. The Court has already explained
multiple times that "the Court cannot guarantee representation to Murray," as "the
Court's power… is limited to making a request for representation via the pro bono
panel." Dkt. No. 41 at 2 (citing Dkt. No. 38 at 7). And the pro bono panel has
already conducted an "exceptionally time-intensive and extensive" search for
representation for Murray. *Id.* at 2. This search was unsuccessful mainly because of
the "unusually large number of defendants Murray has sued, including numerous
government agencies, individual judges, and administrators," giving rise to "many
conflicts of interest throughout the community of lawyers and law firms to whom
the Pro Bono Panel targets outreach, precluding representation." *Id.* at 3. The Court
thus DENIES Murray's motion to renew its request to the pro bono panel.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

As for Murray's request for a "retraction of the defamatory statements made by Judge Whitehead regarding Plaintiff's mental health," Murray states that the Court's "mischaracterization of Plaintiff's ADA-recognized disability as a Cluster B Personality Disorder (a term which applies to Defendant Murray's behavior profile and abuse patterns) has significantly prejudiced Plaintiff's ability to secure pro bono counsel[.]" Dkt. No. 42 at 3. Murray is incorrect that the Court's statements affected her ability to secure counsel. Her ability to secure pro bono counsel was hindered by her choice to sue dozens of defendants, including judicial officers. Nevertheless, Murray is right that the Court made a misstatement in its August 13, 2024, Order when it stated that "Murray alleges that Defendants discriminated and retaliated against her because of her 'Cluster B Personality Disorder.'" *See* Dkt. No. 34 at 7. In fact, Murray alleged that she suffered discrimination and retaliation for unrelated conditions, and that Defendant Alexander Murray exhibited symptoms of "Cluster B personality disorder." *See* Dkt. No. 37 at 240. The Court's conflation of Alexander Murray's alleged condition with Murray's alleged condition stemmed from the vast length and lack of clarity in Murray's pleadings. Still, the Court recognizes, and will not repeat, its factual error.

In sum, the Court DENIES Murray's request to reconsider her motion for recusal. The Court DENIES Murray's request to reconsider the page limit on her Fifth Amended Complaint. The Court DENIES Murray's request for leave to file her "Fourth Amended Complaint" and a "Working Copy" of her "Fifth Amended Complaint." The Court DENIES Murray's request to renew her request for pro bono counsel.

**ORDER** - 5

It is so ORDERED,

Dated this 17th day of January, 2025.

Jamal N. Whitehead
United States District Judge