UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARA MURRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>KING COUNTY COURT ET AL.,<br><br>    Defendants. | CASE NO. 24-cv-00239<br><br>ORDER STAYING CASE AND STRIKING PENDING MOTIONS |

The Court raises this matter on its own accord to address the jurisdictional significance of pro se Plaintiff Sara Murray's Notice of Emergency Appeal to the Ninth Circuit, filed on February 17, 2025. Dkt. No. 51. Upon review, the Court concludes that this action must be STAYED pending the resolution of the appeal.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[W]hen interlocutory appeals occur, a district court has broad discretion to stay proceedings for purposes of efficiency." *Spencer v. Milan*, No. 1:20-CV-00682 JLT GSA (PC), 2024 WL 3793441, at *4 (E.D. Cal. Aug. 13, 2024) (citing *Filtrol*

ORDER STAYING CASE AND STRIKING PENDING MOTIONS - 1

*Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)). In determining whether a stay is appropriate, courts must weigh the interests of the parties, of the courts, and of justice. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court concludes that a stay is appropriate because Murray's appeal involves issues whose resolution is essential to the continued adjudication of this suit. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Here, "the entire case is essentially 'involved in the appeal[.]'" *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (quoting *Griggs*, 459 U.S. at 58).

A review of the procedural posture supports this conclusion. Murray initiated this action in December 2023 with her application to proceed in forma pauperis (IFP). *See* Dkt. No. 1. When a litigant seeks to proceed IFP, the Court has an obligation to ensure that the litigant states a claim upon which relief may be granted; otherwise, the Court must dismiss the case. *See* 28 U.S.C. § 1915(e)(2)(B) ("Section 1915"). Murray's action has been stalled for over a year because the Court has given her many opportunities to bring her pleadings into compliance with Rule 8 to clarify the factual and legal bases of her claims—but she has consistently failed to do so. *See* Dkt. Nos. 2, 6, 10, 11, 27, 37, 45 (proposed and amended complaints). Most recently, the Court ordered Murray to limit her next amended complaint to fifteen pages "[t]o ensure a focused and concise effort." Dkt. No. 41 at 3. On January 24, 2025, Murray submitted a Sixth Amended Complaint. Dkt. No. 45. The next

step would have been for the Court to assess the sufficiency of this latest amended pleading under Section 1915.

But Murray's appeal divests the Court of jurisdiction to take this next step. Murray seeks emergency appellate intervention to rectify the Court's "failure to issue rulings on emergency motions, its refusal to comply with legally mandated disability accommodations under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, and its continued obstruction of due process." Dkt. No. 51 at 2. She argues that this Court, by not timely ruling on her early-February motions for emergency relief, constructively and wrongfully denied them. *Id.* The relief sought in those motions was for the Court to, among other things, disqualify itself and reassign the case to another district; remove Murray's minor children from the custody of their father; appoint and assign pro bono counsel to represent Murray and her children in this action[1]; and void several prior court orders, including the one requiring Murray to file an amended complaint no longer than fifteen pages. *See* Dkt. Nos. 46–50 (early-February motions). Murray also argues on appeal that the Court violated the ADA and Rehabilitation Act by refusing reasonable accommodations. Dkt. No. 51 at 2. The accommodations that she seeks are essentially the same as the forms of emergency relief she requested in her early-February motions. *See* Dkt. Nos. 46 at 2, 48 at 2.

---

[1] Murray's children are not parties to this case. *See* Dkt. No. 34 at 5 ("Murray does not claim to be an attorney and the Washington State Bar Association's online lawyer directory does not list her as a legal professional. Thus, the Court finds that [Murray's children's] claims are not properly before the Court, as they have not appeared through an attorney. [Murray's children's] claims, if any, are thus dismissed without prejudice.").

**ORDER** STAYING CASE AND STRIKING PENDING MOTIONS - 3

Because Murray's appeal places her early-February requests for injunctive relief at issue, this Court cannot rule on those pending motions. And the Court cannot proceed with reviewing Murray's Sixth Amended Complaint under Section 1915 while her appeal is ongoing, as the appeal challenges fundamental procedural issues—the 15-page limit on amended pleadings, lack of pro bono counsel, and potential reassignment to another District. Therefore, weighing the interests of the parties, of the Court, and of justice, the Court finds that it must stay this case pending the resolution of Murray's appeal.

This action is STAYED in its entirety while Murray's Ninth Circuit appeal is pending. The Court STRIKES all pending motions from the docket. Dkt. Nos. 44, 46–50, 53.

It is so ORDERED.

Dated this 10th day of March, 2025.

Jamal N. Whitehead
United States District Judge