UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARA MURRAY, | CASE NO. 24-cv-00239 |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY COURT ET AL., | |
| Defendants. | |

## 1. INTRODUCTION

This matter comes before the Court on various motions submitted by pro se Plaintiff Sara Murray: Motion to Lift Stay and for Judicial Notice of Waiver Records and Reassignment for Conflict, Dkt. No. 73; Motion for Structural Reassignment Based on Judicial Estoppel, Systemic Conflict, and Due Process Violations under Caperton v. Massey, Dkt. No. 77; Emergency Motion for Return of Minor Children Based on Judicial Estoppel, Procedural Waiver, and Ongoing Treaty and Constitutional Violations, Dkt. No. 78; and Motion to Void State Custody Proceedings under Federal Estoppel, RICO Violations, and Declaratory Judgment, Dkt. No. 79. One group of defendants (McKinley Irvin PLLC, David Starks,

ORDER - 1

Elizabeth Hoffman, Timea Hanratty, and Lindsey Androsko, collectively, "McKinley") responded to Dkt. No. 73, and move to dismiss this case. Dkt. No. 74.

As a routine procedural matter, the Court LIFTS the stay on this case. The Court DENIES AS MOOT Murray's motions, Dkt. Nos. 73, 77, 78, and 79, and McKinley's motion to dismiss, Dkt. No. 74. The Court reviews Murray's Sixth Amended Complaint under 28 U.S.C. § 1915(e)(2)(B) and DISMISSES her claims with prejudice and without leave to amend.

## 2. BACKGROUND

Sara Murray filed this case in the U.S. District Court for the District of Oregon on December 15, 2023. Dkt. No. 2. On the same day, she filed her first motion for appointment of counsel. Dkt. No. 4. In light of the "complex jurisdictional questions" raised by the complaint, the court granted her motion for appointment of counsel "for the limited purpose of advising Murray on: (1) whether to proceed with her case in this court or file her lawsuit elsewhere, and (2) which claims she can plausibly bring in her chosen jurisdiction." Dkt. No. 12. With assistance of court-appointed counsel, Murray moved to transfer her case to the Western District of Washington, asserting that "[v]enue is proper in the Western District of Washington as all relevant events took place, and all relevant defendants are located, in King County, Washington." Dkt. No. 15. The Oregon district court granted the motion, Dkt. No. 16, and on February 21, 2024, Murray's case was transferred to this district. Dkt. No. 17. Just after, Murray's counsel withdrew from the representation, having fulfilled the limited purpose for which she had been appointed. Dkt. No. 20.

Murray's case was transferred to this district and she was granted leave to proceed in forma pauperis (IFP). Dkt. No. 26. On April 16, 2024, shortly after Murray's former attorney withdrew from the representation, Murray moved again for appointment of pro bono counsel on behalf of herself and the minor children named in her third amended complaint. Dkt. No. 28. Upon review of the record and applicable law, this Court denied Murray's motion for appointment of counsel. Dkt. No. 34 at 10. The Court instructed Murray to amend her complaint. *Id*. The Court also dismissed the claims brought on behalf of Murray's children without prejudice, explaining that non-attorneys generally may not represent others. *Id*. at 5 (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)).

Murray filed a motion for reconsideration seeking reconsideration of this Court's denial of pro bono counsel appointment. Dkt. No. 35. The Court granted Murray's motion in part and directed the District Coordinator of the Pro Bono Panel to try to identify an attorney or law firm to represent Murray. Dkt. No. 38 at 12–13. This search failed mainly because of the "unusually large number of defendants Murray has sued, including numerous government agencies, individual judges, and administrators," giving rise to "many conflicts of interest throughout the community of lawyers and law firms to whom the Pro Bono Panel targets outreach, precluding representation." Dkt. No. 41 at 3.

Between April 2024 and January 2025, Murray filed six amended complaints. The Court has given her many opportunities to bring her pleading into compliance with Rule 8 to clarify the factual and legal bases of her claims—but she has consistently failed to do so. *See* Dkt. Nos. 2, 6, 10, 11, 27, 37, 45 (proposed and

ORDER - 3

amended complaints). Before the Court had the opportunity to assess the sufficiency of her latest amended pleading, Murray sought emergency appellate intervention to rectify the Court's "failure to issue rulings on emergency motions, its refusal to comply with legally mandated disability accommodations under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, and its continued obstruction of due process." Dkt. No. 51 at 2.

On March 10, 2025, the Court stayed Murray's case pending resolution of her Ninth Circuit appeal. Dkt. No. 54. That appeal, No. 25-1016, was an interlocutory challenge to this Court's denial of Murray's motions for a temporary restraining order. *Id*. The Ninth Circuit denied the appeal for lack of jurisdiction. Dkt. No. 69. Murray petitioned for mandamus in the United State Supreme Court, No. 25-5307. Dkt. No. 73. On October 14, 2025, the Supreme Court denied the petition. Dkt. No. 73-3. That same day, Murray filed her Motion to Lift Stay and for Judicial Notice of Waiver Records and Reassignment for Conflict, Dkt. No. 73. About a week later, Murray filed three more motions asking the Court, among many things, to reassign Murray's case to another judge, to return minor children to Murray's custody, and to void various state court proceedings. Dkt. Nos. 77–79. One group of Defendants (McKinley Irvin PLLC, David Starks, Elizabeth Hoffman, Timea Hanratty, and Lindsey Androsko, collectively, "McKinley") submitted a response to Murray's motion in Dkt. No. 73, and moved to dismiss the action in its entirety. Dkt. No. 74.

# 3. DISCUSSION

**3.1    The Court lifts the stay on this case.**

On March 10, 2025, the Court stayed this case while Murray's Ninth Circuit appeal was pending. Dkt. No. 54. The parties now ask the Court to lift the stay on this case, Dkt. Nos. 73, 74, albeit for different reasons. Now that Murray's appeal to the Ninth Circuit has been dismissed, the Court LIFTS the stay as a routine procedural matter to return the case to this Court.

The Court now considers Murray's motions in Dkt. Nos. 73, 77, 78, and 79, as well as the sufficiency of her Sixth Amended Complaint, Dkt. No. 45, under 28 U.S.C. § 1915(e)(2)(B).

**3.2    The *Rooker-Feldman* doctrine.**

As an initial matter, Defendant argues that the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over Murray's case because her claims arise from her grievances with "state court decisions." Dkt. No. 74 at 4. In a recent opinion, the Ninth Circuit clarified the often-misunderstood *Rooker-Feldman* doctrine. *Miroth v. Cnty. of Trinity*, 136 F.4th 1141 (9th Cir. 2025). District courts lack subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments. *Id*. *Rooker-Feldman* "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Id*. at 1151 (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004)). *Rooker-Feldman*

therefore does not apply when a federal Plaintiff is alleging a "wrongful act by the adverse party" and "not legal error by the state court." *Miroth*, 136 F.4th at 1150.

The Court does not dismiss Murray's case on *Rooker-Feldman* grounds, mostly because the Court cannot make out what Murray's claims are in the first place. Dkt. No. 45. Murray's motions in Dkt. Nos. 77, 78, and 79 do appear to seek relief from alleged legal error by a state court and relief from state court judgments. Many of Murray's claims appear to stem from issues involving previous state court child custody proceedings. For example, in Dkt. No. 78, Murray asks the Court to carry out the return of minor children to her "full legal and physical custody." Dkt. No 78 at 7. In Dkt. No. 79, Murray also asks the Court to void and enjoin enforcement of a state court order, to dissolve child custody proceedings involving minor children, to enjoin her ex-husband from removing minor children from the country, to issue declaratory relief that her marriage with her ex-husband is still "legally intact," and to dissolve her ex-husband's current marriage with his "co-conspirator." Dkt. No. 79 at 6–7. To the extent Murray seeks relief from a state court judgment, *Rooker-Feldman* would likely control. *Miroth,* 136 F.4th at 1148 (*Rooker-Feldman* is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments); *see also, Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986), *aff'd*, 484 U.S. 174 (1988) (holding that even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters). Given the narrow application of *Rooker-Feldman* and the pleading deficiencies in Murray's complaint, the Court dismisses Murray's claims for alternate reasons as discussed below.

ORDER - 6

### 3.3 Murray's motion for recusal is denied.

As another preliminary matter, Murray asks the Court to reassign her case to another judge under 28 U.S.C. §§ 144 and 455 because this Court was named in her denied petition before the United States Supreme Court. Dkt. Nos. 73, 77. She specifically asks to be reassigned to a judge outside the Western District of Washington, claiming it is "necessary to maintain impartiality and public confidence." Dkt. No. 73 at 7–8.

Under 28 U.S.C. § 455(a), a judge must recuse in any proceeding in which their "impartiality might reasonably be questioned." To decide whether recusal is necessary, courts consider "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Murray alleges that the Court is biased against her because Murray names the Court in her denied petition to the Supreme Court. But a judge is not disqualified from hearing a case simply because a litigant decides to sue or threaten suit against them. *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986).

Because there is no objective basis to question this Court's impartiality, the Court DECLINES to recuse voluntarily. Under LCR 3(f), Murray's motion for recusal, Dkt. Nos. 73; 77, is REFERRED to United States District Chief Judge David Estudillo for decision.

ORDER - 7

**3.4  Legal standard for § 1915 review.**

When a plaintiff proceeds in forma pauperis (IFP), Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

At the same time, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir.

2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam))). But even so, the duties imposed on the Court by Section 1915 are unwavering, and when an IFP plaintiff fails to state a claim, the action must be dismissed.

**3.5    Murray brings claims against improper defendants.**

Before turning to review the sufficiency of Murray's complaint under 28 U.S.C. §1915(e)(2)(B), the Court addresses the improper defendants named in Murray's complaint. *See* Dkt. No. 45.

Murray identifies various entities and judicial officers as defendants, including the King County Superior Court, King County Superior Court Judge Sean O'Donnell and Judge Aimee Sutton, and the Seattle Police Department. Dkt. No. 45. She attempts to incorporate by reference a long list of defendants in Exhibit A to her operative complaint. However, Exhibit A is an improper attempt by Murray to incorporate her fourth amended complaint into her operative complaint. Dkt. No. 45. As discussed later, the Court considers only the operative complaint for purposes of assessing the sufficiency of Murray's claims. That said, the Court considers the exhibit only to resolve the sovereign immunity issue raised in Murray's operative complaint. In Exhibit A, Murray lists dozens of judicial officers. Dkt. No. 45-1 at 39. She also includes many state entities including, among others, the Washington State Attorney General's office, the Department of Child, Youth, and Families, and the Washington Bar Association. *Id.*

ORDER - 9

Murray alleges that Defendants' actions violated her constitutional rights arising under 42 U.S.C. § 1983. Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009). Murray makes conclusory statements about how "defendant's actions, omissions, inaction, and enabling behavior represent a systemic failure to enforce statutes aimed at preventing domestic violence and coercive control." Dkt. No. 45 ¶ 24. She claims defendants acted together "under color of state law, knowingly enabling the perpetuation of coercive control and obstructing Plaintiff's access to due process, thereby violating the ADA and Plaintiff's constitutional rights." *Id.* ¶ 19. And that defendants' "systemic negligence … exacerbated the harm to Plaintiff and her children" and that they "represent systemic failures in addressing coercive control." *Id.* at 5.

Murray names two King County Superior Court judges as defendants in her complaint: Judge Sean O'Donnell and Judge Aimee Sutton. Dkt. No. 45. The judge defendants named in Murray's complaint are entitled to absolute immunity from suit for acts that relate to the judicial process. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Absent facts specifically showing that these officers acted completely outside of judicial capacity or jurisdiction, they are not proper defendants in this action. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). "A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker*, 846 F.2d at 1204 (citations omitted). Beyond simply naming these judicial defendants in her

complaint, Murray fails to identify specific acts undertaken by them that would show that they acted outside their judicial capacity, with or without jurisdiction. Instead, Murray makes conclusory allegations that "judicial officers" and the "judicial system" perpetuated harm against her. Murray's conclusory allegations that these judge defendants acted maliciously or that they abused their discretion do not render her claims cognizable. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity not overcome by allegations of bad faith or malice). Murray's Section 1983 claims against King County Superior Court judges all fail.

Murray's claims against the King County Superior Court are barred by the Eleventh Amendment. As the Ninth Circuit has explained, "[f]ederal courts are without jurisdiction to entertain suits seeking civil damages against a state." *Prod. & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 21–22 (9th Cir. 1983). State courts are arms of the state for Eleventh Amendment purposes. *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Murray's claims against the King County Superior Court all fail.

Finally, Murray includes the Seattle Police Department as a defendant in her complaint. *See* Dkt. No. 45. The Seattle Police Department lacks capacity to be sued. *See Nolan v. Snohomish Cnty.*, 802 P.2d 792, 796 (Wash. Ct. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued"). Murray's claims against the Seattle Police Department fail.

### 3.6  Murray's sixth amended complaint fails to state a claim on which relief may be granted.

Finally, the Court assesses the sufficiency of Murray's sixth amended compliant under Section 1915. 28 U.S.C. §1915(e)(2)(B); Dkt. No. 45. This review was interrupted by Murray's appeal to the Ninth Circuit. Murray's sixth amended complaint incorporates by reference her fourth and fifth amended complaints as exhibits. Dkt. No. 45-1; Dkt. No. 45-2. The filing totals 496 pages. *Id.* This is even though this Court had ordered that Murray's amended complaint could not exceed 15 pages. Dkt. No. 41. When reviewing complaints under 28 U.S.C. § 1915(e)(2)(B), courts consider only the operative complaint. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (holding that an amended complaint supersedes the original and renders the original of no legal effect). The Court considers only the operative complaint in Dkt. No. 45.

Murray brings federal and due process claims against multiple defendants under federal question jurisdiction. *See* 28 U.S.C. § 1331; Dkt. No. 45 at 16. However, Murray does not state a claim for which relief can be granted under these laws. *See* 28 U.S.C. § 1915(e)(2)(B); Dkt. No. 45.

Critically, it is unclear from the complaint who the defendants are here. Murray references numerous defendants including "Alexander Murray, state actors, judicial officers, private individuals, and entities who conspired under color of state law to deprive Plaintiff and her children of their constitutional rights." Dkt. No. 45 ¶ 15. Murray brings claims under the ADA, the Racketeer Influenced and Corrupt Organizations Act, and due process claims under the Fourteenth Amendment. *Id.* at

17–19. She also alleges conspiracy to violate her civil rights and intentional infliction of emotional distress. *Id.* at 19–20. She makes sweeping statements that defendants abused her, however she does not provide facts about the abuse. *Id.* ¶ 22. For example, she argues that she was subject to "insurmountable barriers, including financial, procedural, and ADA violations," without explaining what those violations or barriers were. *Id.* ¶ 28. In sum, Murray's complaint fails to present coherent factual allegations or a discernible timeline of events supporting any of her claims.

**3.7   The dismissal is with prejudice.**

Ordinarily, when a court dismisses a pro se plaintiff's complaint for failure to state a claim, it must grant leave to amend even when no request to amend is made. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). Here, it is abundantly clear to the Court that further amendment would be futile. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect"). Murray has been provided ample opportunities to bring her pleadings in compliance with Rule 8. She has not done so. District courts have "particularly broad" discretion in denying amendment when leave to amend has previously been granted. *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1117 (9th Cir. 2014) ("[T]he district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend.").

Finding further amendment to be futile, the Sixth Amended Complaint is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4. CONCLUSION

In sum, the Court LIFTS the stay on this case. Because Murray's complaint provides no factual assertions about the nature of her claims, the Court concludes that Murray has failed to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. Accordingly, Murray's sixth amended complaint, Dkt. No. 45, is DISMISSED with prejudice. Murray's motions at Dkt. Nos. 73, 77, 78, and 79, and McKinely's motion to dismiss, Dkt. No. 74, are DENIED AS MOOT.

Dated this 16th day of December, 2025.

Jamal N. Whitehead
United States District Judge